UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANGEL UZZIEL SANCHEZ HERNANDEZ, )
                                )
                 Petitioner,    )
                                )
        v.                      )    No. 2:26-cv-00269-JPH-MJD
                                )
BRISON SWEARINGEN in his official )
capacity as Sheriff of the Clay County )
Justice Center, *et al.*,        )
                                )
                 Respondents.   )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Angel Sanchez Hernandez is detained at the Clay County Jail on behalf of U.S. Immigration and Customs Enforcement (ICE). He seeks a writ of habeas corpus requiring Respondents to release him from custody or afford him an administrative bond hearing.

For the reasons explained below, the Court grants the petition to the extent that **no later than 5:00 p.m. on May 6, 2026**, Respondents must either: (1) afford Mr. Sanchez Hernandez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release him from custody under reasonable conditions of supervision.

## I. Facts

Mr. Sanchez Hernandez entered the United States without inspection in approximately 2007 or 2008. Dkt. 1 ¶¶ 1–2. There are no records of his entry. Before this year, he never interacted with federal immigration officials. Dkt. 7-1 at 3.

1

On March 21, 2026, local authorities arrested Mr. Sanchez Hernandez and detained him at the Shelby County Jail in this District. Dkt. 7-1 at 2. ICE issued a detainer. *Id.* On March 24, an immigration official issued an administrative warrant "command[ing]" that Mr. Sanchez Hernandez be arrested pursuant to 8 U.S.C. § 1226. Dkt. 12-2 at 7. Dkt. 7-1 at 10.

On March 24, ICE officers took Mr. Sanchez Hernandez into custody pursuant to the detainer and the warrant. *See generally* dkt. 7-1. The Department of Homeland Security initiated a removal proceeding, which is in progress. *Id.* at 6–8. Mr. Sanchez Hernandez is currently confined at the Clay County Jail. The record does not reflect that he has received a bond hearing.

## II. Discussion

Mr. Sanchez Hernandez claims that his detention violates the Immigration and Nationality Act (INA), related regulations, and the Fifth Amendment's due process clause. Dkt. 1 ¶¶ 53–58. Respondents argue that the INA not only authorizes but requires Mr. Sanchez Hernandez's detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 3–15.

Mr. Sanchez Hernandez's detention is governed by § 1226(a) and is unlawful because he has not been afforded a bond hearing. Because Mr. Sanchez Hernandez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also

"authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez*

3

*v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.  Mr. Sanchez Hernandez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Sanchez Hernandez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Sanchez Hernandez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1]  *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), a decision that carries persuasive authority due to its procedural

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at *14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK; and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

posture,[2] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 9–12; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Sanchez Hernandez can be said to be "seeking

---

[2] See *Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of law, and any adjustment to the factual record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

Respondents also cite a recent Eighth Circuit case, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Avila* court held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

Countering those circuit decisions, the Second Circuit recently decided *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), after Mr. Sanchez Hernandez's Petition was fully briefed. There, the Second Circuit rejected the government's argument and adopted the reasoning set forth in *Castañon-Nava*: "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. The court went on to conclude that "because Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *6.

This Court is not convinced that the Seventh Circuit will cast the analysis and reasoning set forth in *Castañon-Nava* aside to join the *Buenrostro-Mendez* and *Avila* side of the circuit split. The Court therefore declines to depart from its previous approach to evaluating whether § 1226(a) or § 1225(b)(2)(A) applies and continues to follow *Castañon-Nava*, and now *Cunha*.

7

Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Sanchez Hernandez, *i.e.*, arresting him in the interior of the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Sanchez Hernandez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

The facts here are also quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . .  DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *See* 170 F.4th at 1132. In contrast, Mr. Sanchez Hernandez was served with an administrative warrant that authorized federal agents to detain him

8

pursuant to § 1226. *Buenrostro-Mendez* and *Avila* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Sanchez Hernandez's detention is authorized only by § 1226(a), entitling him to consideration of bond.

**C.    Scope of Relief**

Mr. Sanchez Hernandez is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Sanchez Hernandez argues principally for immediate release from custody. Dkt. 1 at 14. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Sanchez Hernandez maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Sanchez Hernandez's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

**D.    Remaining Claims**

Because the Court has found that Mr. Sanchez Hernandez's detention violates the INA, it does not reach his argument that his detention violates the

9

regulations accompanying the INA or the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### IV. Conclusion

The Court grants the petition to the extent that **no later than 5:00 p.m. on May 6, 2026**, Respondents must either: (1) provide Mr. Sanchez Hernandez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Sanchez Hernandez from custody under reasonable conditions of supervision. **No later than 5:00 p.m. on May 7, 2026**, Respondents must file documentation certifying that they have provided Mr. Sanchez Hernandez with a bond hearing or released him from detention. The clerk is directed to enter final judgment.

**SO ORDERED.**

Date: 5/1/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
Samir Nasir
Nasir Immigration Law
sn@nasirimmigrationlaw.com

10

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

11